NUMBER 13-09-00607-CV


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 






TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,


v.



SENTHIL KUMAR RAMAMURTHY, Appellee.





On appeal from the 92nd District Court 


of Hidalgo County, Texas.






MEMORANDUM OPINION


 

Before Chief Justice Valdez, Justices Yañez and Vela


Memorandum Opinion Per Curiam


 This case is before the Court on a joint motion to reverse and render judgment
effectuating the agreement of the parties. The parties have reached an agreement with
regard to the disposition of the matters currently on appeal. Pursuant to agreement, the
parties request this Court to reverse and render judgment effectuating the parties'
agreement. See Tex. R. App. P. 42.1(a)(2)(A). 

 The parties have agreed that the Court should reverse and render judgment on
Ramamurthy's petition for expunction by rendering the following order: (1) Ramamurthy is
not yet entitled to an expunction of records related to his arrest on or about May 2, 2008
because the statute of limitations on the underlying offense had not expired before the
petition for expunction was filed; (2) Under Tex. Code Crim. Proc. art. 12.01(6), the statute
of limitations for Possession with Intent to Deliver a Controlled Substance is three years
from the date of the commission of the offense, which period, in the instant case, will not
expire until at least May 2, 2011; and (3) in order to comply with Tex. Code Crim. Proc. art
55.01(a)(2)(A)(i), Ramamurthy must wait until the statute of limitations has expired before
he files a petition for expunction of records related to the instant arrest.

 We REVERSE the judgment, RENDER judgment effectuating the parties'
agreement as follows: (1) Ramamurthy is not yet entitled to an expunction of records
related to his arrest on or about May 2, 2008 because the statute of limitations on the
underlying offense had not expired before the petition for expunction was filed; (2) Under
Tex. Code Crim. Proc. art. 12.01(6), the statute of limitations for Possession with Intent
to Deliver a Controlled Substance is three years from the date of the commission of the
offense, which period, in the instant case, will not expire until at least May 2, 2011; and (3)
in order to comply with Tex. Code Crim. Proc. art 55.01(a)(2)(A)(i), Ramamurthy must wait
until the statute of limitations has expired before he files a petition for expunction of records
related to the instant arrest. In accordance with the agreement of the parties, costs are
taxed against the party incurring same. See Tex. R. App. P. 42.1(d). 

 PER CURIAM

Delivered and filed 

the 11th day of March, 2010.